IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON MACIAS LEON,<br><br>    Petitioner,<br><br>  v.<br><br>DARREL ADAMS, Warden,<br><br>    Respondent(s). | No. C-10-1013 TEH (PR)<br><br>ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; REQUESTING MOTION TO DISMISS OR NOTICE THAT MOTION IS UNWARRANTED<br><br>(Doc. #3) |

I

Following his convictions of various crimes in Santa Cruz County, on November 14, 1997, Petitioner was sentenced to state prison for thirty-nine years-to-life. The California Court of Appeal affirmed the judgment of the trial court and, on October 27, 1999, the California Supreme Court denied review. On March 9, 2010, over ten years later, Petitioner filed the instant federal Petition. Doc. #1. He also seeks leave to proceed in forma pauperis. Doc. #3.

//
//

## II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243. It also may order Respondent to file another pleading where neither summary dismissal nor service is appropriate. See Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

## III

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual

2

predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

Here, because Petitioner did not seek a writ of certiorari from the United States Supreme Court after the California Supreme Court denied review on October 27, 1999, his process of direct review came to an end on January 26, 2000, when the time allotted for filing a petition for a writ of certiorari expired. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year limitation period accordingly began running against Petitioner the next day, January 27, 2000. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year limitation period according to Federal Rule of Civil Procedure 6(a)). The instant Petition was not filed until March 9, 2010, however. This apparent procedural problem should be addressed before the Court reaches the merits of the claims raised in the Petition. If the Petition is time-barred, the litigants and Court need not expend resources addressing the

3

claims in the Petition.  Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, Respondent must either (1) move to dismiss the Petition on the ground that it is untimely, or (2) inform the Court that a motion to dismiss is unwarranted in this case.

IV

For the foregoing reasons and for good cause shown,

1.   Petitioner's request to proceed in forma pauperis (Doc. #3) is GRANTED.

2.   The Clerk is directed to serve by certified mail a copy of this Order and the Petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also is directed to serve a copy of this Order on Petitioner.

3.   Respondent must file with the Court and serve upon Petitioner, within sixty (60) days of the issuance of this Order, a Motion to Dismiss the Petition as untimely or a notice that such a motion is unwarranted.

4.   If Respondent files a Motion to Dismiss and Petitioner wishes to oppose it, he must do so by filing an Opposition with the Court and serving it upon Respondent within thirty (30) days of his receipt of the Motion to Dismiss.

5.   Respondent may file and serve a Reply within fifteen (15) days of receipt of Petitioner's Opposition.

6.   The motion shall be deemed submitted as of the date the Reply is due.  No hearing will be held on the motion unless the

4

1 Court determines at a later date that a hearing is required.

2     7.    If Respondent notifies the Court that a Motion to
3 Dismiss is unwarranted or the motion is denied, the Court will then
4 determine whether to require an Answer to the Petition.

IT IS SO ORDERED.

DATED 7/21/10

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.10\Macias-10-1013-order requesting mtd-timeliness.wpd