IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON MACIAS LEON, | No. C-10-1013 TEH (PR) |
|     Petitioner, | ORDER GRANTING RENEWED MOTION TO DISMISS |
|     v. | |
| DARREL ADAMS, Warden, | |
|     Respondent. | |
| _____/ | Doc. #11 |

This federal habeas petition was filed pursuant to 28 U.S.C. § 2254 by a pro se state prisoner. Respondent has renewed its motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d).[1] Petitioner seeks equitable tolling based on his alleged mental incompetency. For the reasons set forth below, the Court GRANTS Respondent's motion to dismiss. Doc. #10

---

[1] In response to Respondent's initial motion to dismiss (Doc. #5), Petitioner sought equitable tolling on four separate grounds: (1) "mental incompetency," (2) "linguistic difficulties," (3) failure of the State of California to provide a federally required evidentiary hearing, and (4) a "relate back" concern, see Doc. #6. In its Order Denying Motion to Dismiss, the Court found that the last three claims were without merit and did not provide bases for equitable tolling. Doc. #9. The Court found that the record was not sufficiently developed as to Petitioner's mental impairment during the relevant time period and denied the motion to dismiss on that ground.

**I**

On November 14, 1997, Petitioner was sentenced to 39 years to life in state prison after a Santa Cruz County superior court jury found him guilty of kidnapping, forcible sodomy, forcible oral copulation, sexual penetration, and possession of a concealed firearm.

On July 26, 1999, the California Court of Appeal affirmed the judgment of the trial court in an unpublished opinion and, on October 27, 1999, the California Supreme Court denied review. Petitioner did not seek further relief from the state courts.

On March 9, 2010, over ten years later, Petitioner filed the instant federal habeas petition.

**II**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the

2

exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

A state prisoner with a conviction finalized after April 24, 1996, such as petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

Here, because Petitioner did not seek a writ of certiorari from the United States Supreme Court after the California Supreme Court denied review on October 27, 1999, his process of direct review came to an end on January 26, 2000, when the time allotted for filing a petition for a writ of certiorari expired. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year limitation period accordingly began running against petitioner the next day, January 27, 2000. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year limitation period according to Federal Rule of Civil Procedure 6(a)). The instant petition was not filed until March 9, 2010. It is untimely unless the limitation period was tolled for a substantial period of time.

III

Equitable tolling is applicable only "'if extraordinary circumstances beyond a prisoner's control make it impossible to file

3

a petition on time.'" <u>Roy v. Lampert</u>, 465 F.3d 945, 969 (9th Cir. 2006) (quoting <u>Beeler</u>, 128 F.3d at 1288). The prisoner must show that he has been pursuing his rights diligently, <u>see</u> <u>id.</u> at 950 (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)) and he "must show that the 'extraordinary circumstances' were the cause of his untimeliness." <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The petitioner bears the burden of showing that this "extraordinary exclusion" of equitable tolling should apply to him. <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner claims that he is entitled to equitable tolling due to his alleged mental incompetency. In support of his claim, Petitioner states that he was diagnosed in March 1997 by Dr. Jose J. La Calle as (1) having "cognitive and emotional dysfunctions," (2) having "extremely limited educational background level," (3) having cognitive difficulties that caused him to fail his California Penal Code section 1368 competency evaluation, (4) being affected by "significant psychiatric dysfunction" and "concrete schizophrenic processes," and (5) having "psychomotor deficiencies suggestive of organic brain syndrome." Doc. #10 at 5 and Exh. A.[2] He also points to Dr. Perez's conclusion in April 1997 that Petitioner's Spanish verbal intellectual abilities were uniformly in the dull normal to borderline impaired range. Doc. #13 at 5. Petitioner further claims that his mental incompetency continued throughout the first

---

[2] Petitioner has incorporated his sur-reply (Doc. #10) to Respondent's original Motion to Dismiss in his opposition to Respondent's Renewed Motion to Dismiss. Doc. #13 at 4.

**4**

seven years of his incarceration because he was housed in a "180" placement. According to Petitioner, the "180" placement meant that he was always being monitored by a prison official and he was not permitted access to any legal materials. Doc. #10 at 7. Petitioner states that upon being transferred to Corcoran State Prison and making contact with Spanish-speaking bilingual jailhouse lawyers, he was able to overcome his mental incompetency to file this instant petition. Id.

Under Ninth Circuit law, a petitioner must satisfy a two-part test to be eligible for equitable tolling for mental impairment. Bills v. Clark, 628 F.3d 1092, 1099 (9th Cir. 2010). First, the petitioner

> must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing. Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Id. at 1099-1100 (citations and emphasis omitted). If "[a] petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period," an evidentiary hearing is appropriate to determine whether equitable tolling applies. Id. at 1100 (emphasis added). However, an evidentiary hearing is not necessary "[w]here the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition . . .

5

notwithstanding a petitioner's allegations of mental incompetence." <u>Roberts v. Marshall</u>, 627 F.3d 768, 773 (9th Cir. 2010) (citation omitted).

Petitioner fails to meet his burden of showing that he had a severe mental impairment during the relevant time period –– January 27, 2000, when the filing period began, and March 2010, the date he filed this instant petition –– that caused the untimely filing of his habeas petition. <u>Bills</u>, 628 F.3d at 1099. Petitioner focuses primarily on the 1997 evaluations by Drs. Calle and Perez that concluded that Petitioner had various mental deficiencies and was in the "dull normal to borderline impaired range." Doc. # 13 at 5. However, mental conditions are not static; the relevant question is the extent of Petitioner's mental impairment during the 2000-2010 time period. Petitioner claims that his mental incompetency continued due to being monitored constantly by prison officials and because he had no access to legal materials or Spanish-speaking jailhouse lawyers. He also states that upon being transferred to Corcoran State Prison and making contact with Spanish-speaking bilingual jailhouse lawyers, he was able to overcome his mental incompetency to file this instant petition. Doc. #10 at 6.

However, Petitioner's prison medical files from 1997 to 2011 (Doc. #12) fail to support Petitioner's allegations of mental incompetency during the 2000-2010 time period. The prison medical files indicate that Petitioner's mental health was routinely evaluated and that, at each screening, Petitioner was either cleared for housing in the general population without restriction and/or found to be functioning well in 2000 (<u>see</u> Doc. #12 at 15-16, 18-20,

6

77, 78), 2003 (<u>id</u> at 14, 18), 2004 (<u>id</u>. at 5), 2005 (<u>id</u>. at 4), 2007 (<u>id.</u> at 65), 2008 (<u>id.</u> at 7) screening results), and 2011 (<u>id.</u> at 24). The prison classification committee also noted no mental health concerns in 2006 (<u>id</u>. at 43) and 2008 (<u>id</u>. at 58). Petitioner also self-reported no mental health concerns in 2003 (<u>id.</u> at 6) and 2004 (<u>id.</u> at 46). The record further shows that in 2001 and 2003, Petitioner participated in work/training assignments (<u>id.</u> at 92-94), and that he participated in adult educational courses in 1999 (<u>id.</u> at 96-100), 2004 (<u>id.</u> at 81, 88-91), 2005 (<u>id.</u> at 82-87), and 2009 (<u>id.</u> at 79). In his opposition, Petitioner does not address his prison medical and disciplinary files but merely states that his mental conditions continue to this day. Doc. #13 at 5.

Based on a thorough review of the record, the Court concludes that Petitioner has not shown that his mental incompetency was an "extraordinary circumstance beyond his control," <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2562 (2010), or that his mental incompetency was the cause of his untimeliness, <u>Spitsyn</u>, 345 F.3d at 799. Petitioner's medical records do not support a finding that Petitioner was unable rationally or factually to personally understand the need to timely file. <u>Bills</u>, 628 F.3d at 1099. In addition, the record indicates that Petitioner was not diligent in pursuing the claims to the extent he could understand them. <u>Id.</u> at 1100. Although Petitioner claims that he had no access to legal materials during his first seven years of incarceration, there is no indication that he attempted to obtain access to legal materials, whether through the prison grievance system or other means. Petitioner also states that his placement during the first seven

**7**

years of incarceration compounded his mental incompetency. Doc. #10 at 7. However, Petitioner fails to explain why he filed this instant petition after thirteen years of incarceration, instead of soon after his transfer to California State Prison - Corcoran where, by his own admission, he had the resources to prepare and file his habeas petition. Id.

Petitioner fails to establish that he is entitled to equitable tolling on the basis of his alleged mental incompetency. Accordingly, the limitations period will not be equitably tolled, and the instant habeas petition is untimely.

## IV

For the foregoing reasons, Respondent's renewed motion to dismiss the petition as untimely (Doc. # 11) is GRANTED.

Further, a certificate of appealability is DENIED. Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

The Clerk of the Court shall enter judgment in accordance with this Order, terminate all pending motions, and close the file.

IT IS SO ORDERED.

DATED    _06/06/2012_

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.10\Leon-10-1013-grant-renewed-mtd.wpd

8